UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GUTMAN,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                     Case No. 1:09-CV-628

GENE WRIGGELSWORTH, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Dismiss Certain of Plaintiff's Claims</u>. (Dkt. #7). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). Plaintiff is a member of the Jewish faith who desires to consume only kosher food. In March 2008, Plaintiff was incarcerated in the Ingham County Jail. Upon arriving at the jail, Plaintiff began requesting that he be provided kosher meals and be permitted to possess various religious items. This latter request was denied, but Plaintiff began receiving kosher meals in June 2008. However, these meals lacked sufficient variety and were nutritionally deficient. In October 2008, jail officials discontinued Plaintiff's kosher meals after Plaintiff was discovered consuming and/or possessing non-kosher foods. Plaintiff was transferred from the Ingham County Jail in December 2008.

Plaintiff initiated this action on July 9, 2009, against: (1) Gene Wriggelsworth; (2) Sam Davis; (3) Tracy Mansfield; and (4) Ingham County. Plaintiff asserts that Defendants violated his First Amendment right to freely practice his religion; his Fourteenth Amendment right to due process; and his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also asserts that Defendants violated his rights under the Civil Rights of Institutionalized Persons Act (CRIPA) and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff seeks declaratory, injunctive, and monetary relief. Defendants now move for dismissal of Plaintiff's due process claims, as well as his RLUIPA and CRIPA claims.

## **STANDARD**

Defendants move for relief (as to the specific claims identified above) pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff has failed to state a claim on which relief may be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

To prevail on a Rule 12(b)(6) motion, Defendants must demonstrate that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. As the Supreme Court recently stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. As the Court subsequently explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a

> complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

## ANALYSIS

**I.     Due Process**

Plaintiff asserts that Defendants discontinued his kosher meals because he consumed and/or possessed non-kosher foods. Plaintiff asserts that he was not forewarned that such behavior would result in the discontinuation of his kosher meals. Plaintiff asserts that under the circumstances, Defendants' decision to discontinue his kosher meals violated his Fourteenth Amendment right to due process of law. Plaintiff does not specify whether he is asserting a violation of his procedural or substantive due process rights. This failure is of no consequence, however, as neither claim has merit.

      A.     Substantive Due Process

In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court addressed the interaction between substantive due process and those rights specifically protected by the Bill of Rights, as well as the proper constitutional foundation upon which to base a § 1983 action.

In that case, Albright was charged with selling a substance that looked like an illegal drug. Following a preliminary hearing, Albright was bound over for trial; however, the court later dismissed the charges because the offense with which Albright was charged did not state an offense under Illinois law. Albright subsequently initiated a § 1983 action in which he charged Oliver, a detective involved in the case, with depriving him of his Fourteenth Amendment substantive due process rights by subjecting him to criminal prosecution without probable cause. *Id.* at 268-70.

The Court observed that substantive due process protection had "for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Id.* at 272 (citing *Planned Parenthood of Southeast Pa. v. Casey*, 505 U.S. 833, 847-849 (1992)). The Court noted the dissimilarity between Albright's claim and the substantive due process rights recognized previously, and further noted its reluctance to expand the concept of substantive due process. *Id.* at 271-72.

The Court then discussed the fact that a number of the protections contained in the Bill of Rights have been made applicable to the states via the Fourteenth Amendment. The Court observed that this process has resulted in the substitution of the specific guarantees of these portions of the Bill of Rights for the more generalized language of the Fourteenth Amendment. *Id.* at 272-73. The Court, therefore, concluded that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Applying this standard, the Court concluded that Albright's allegations directly implicated the Fourth Amendment, pursuant to which he must bring his claim, because substantive due process could afford him "no relief." *Id.* at 274-75.

Here, Plaintiff alleges that his due process rights were violated because Defendants deprived him of the right to receive meals consistent with his religious beliefs. This right is adequately protected by the First Amendment. Therefore, as in *Albright*, substantive due process can provide Plaintiff no relief. Accordingly, to the extent that Plaintiff asserts a violation of his substantive due process rights, the undersigned recommends that such claims be dismissed.

B.     Procedural Due Process

Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).

The Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433. The first step, therefore, in assessing whether Plaintiff suffered a violation of his procedural due process rights is to determine whether he was deprived of a constitutionally protected liberty or property interest.

A constitutionally protected liberty interest exists only in circumstances in which an individual is subjected to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also, Bazzetta v. McGinnis*, 430 F.3d 795,

798 (6th Cir. 2005). As the *Sandin* Court further noted, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin*, 515 U.S. at 485. Accordingly, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.*

With respect to property interests, the procedural protections of the Fourteenth Amendment are not implicated where an individual possesses simply "an abstract need or desire" or a "unilateral expectation" of receiving a particular item or benefit. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)); *see also, Bauss v. Plymouth Township*, 2007 WL 1451977 at *6 (6th Cir., May 17, 2007). Rather, the individual must "have a legitimate claim of entitlement" to the item or benefit at issue. *Gonzales*, 545 U.S. at 756; *Bauss*, 2007 WL 1451977 at *6. Moreover, an individual cannot possess a constitutionally protected property interest in an item or benefit where "government officials may grant or deny it in their discretion." *Gonzales*, 545 U.S. at 756; *Bauss*, 2007 WL 1451977 at *7.

As for whether Plaintiff suffered the deprivation of a constitutionally protected property or liberty interest, the Sixth Circuit has held that removing an inmate from a kosher meal program for violating a prison's rules against possessing non-kosher food does not implicate the procedural protections of the Fourteenth Amendment.

In *Russell v. Wilkinson*, 79 Fed. Appx. 175 (6th Cir. 2003), Russell had been approved to participate in the prison's kosher meal program. *Id.* at 176. However, after Russell was found to have possessed non-kosher food items prison officials removed him from the prison's kosher meal program. *Id.* Russell subsequently initiated legal action asserting, among other things, that he was denied

sufficient procedural protections prior to his removal from the kosher meal program. *Id.* at 178. The district court granted summary judgment to the defendant prison officials. *Id.* at 176. On appeal, the Sixth Circuit affirmed the district court's decision. With respect to Plaintiff's procedural due process claim, the court concluded that because Plaintiff's removal from the kosher meal program did not constitute the deprivation of a constitutionally protected liberty or property interest, the defendants were entitled to summary judgment. *Id.* at 178. For these same reasons, the undersigned recommends that Plaintiff's procedural due process claims be dismissed.

**II.        CRIPA**

Plaintiff asserts that Defendants violated his rights under the Civil Rights of Institutionalized Persons Act (CRIPA). As Defendants correctly point out, however, CRIPA does not authorize private causes of action. *See Rudd v. Polsner*, 2000 WL 1206516 at *1 (6th Cir., Aug. 18, 2000) (individuals do not have a private cause of action under CRIPA); *Wade v. Barbour*, 2008 WL 1925173 at *1 n.3 (S.D. Miss., April 29, 2008) (same); *Mullins v. Chandler*, 2008 WL 1730155 at *4 (W.D. Ky., April 10, 2008) (CRIPA "permits the United States Attorney General to bring suits against the prison or state for deplorable conditions in prisons, [but] does not provide a prisoner with a private cause of action"). Accordingly, the undersigned recommends that Plaintiff's CRIPA claims be dismissed.

**III.       RLUIPA**

Plaintiff asserts that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). RLUIPA, however, only applies where "the substantial burden is imposed in a program or activity that receives Federal financial assistance" or "the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes." 42 U.S.C. § 2000cc-1(b).

Plaintiff has not alleged that Defendants receive federal funding or that the substantial burden he suffered affected (or would have affected) "commerce with foreign nations, among the several States, or with Indian tribes." Plaintiff's failure to plead such matters renders his claim legally deficient. *See Ephraim v. Angelone*, 313 F.Supp.2d 569, 575 (E.D.Va. 2003) (to sustain a RLUIPA claim under § 2000cc-1, the plaintiff must allege "sufficient facts to properly invoke the statute," specifically that the "substantial burden complained of be imposed in a program or activity that receives federal financial assistance or that the alleged substantial burden affect interstate or foreign commerce"); *Murray v. Kansas Department of Corrections*, 2009 WL 1617664 at *3 (D. Kan., June 9, 2009) (prisoner's claim must be dismissed for failure to state a claim where he "has not alleged that [the defendant] received federal funding nor has [the prisoner] alleged that he experienced a substantial burden that would affect interstate or foreign commerce). Accordingly, the undersigned recommends that Plaintiff's RLUIPA claims be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss Certain of Plaintiff's Claims, (dkt. #7), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: February 4, 2010        /s/ Ellen S. Carmody
        ELLEN S. CARMODY
        United States Magistrate Judge