UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. GUTMAN,

    Plaintiff,

v

GENE WRIGGLESWORTH, et al.,

    Defendants.

_____/

Case No. 1:09-cv-628

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants prevented him from freely exercising his religion in violation of the First Amendment. Plaintiff further asserts that Defendants denied him a sufficient kosher diet to sustain good health, implicating a violation of the Eighth Amendment by subjecting him to cruel and unusual punishment.[1] Defendants filed a motion for summary judgment (Dkt 35), arguing that their conduct did not violate the First or Eighth Amendments. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 47), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 48). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1] Additional claims alleged by Plaintiff were previously dismissed.

In his objections, Plaintiff reiterates his prior arguments that Defendants violated his First Amendment right to freely exercise his religion by: (1) failing to accommodate his request for kosher meals in a timely manner (Dkt 48 at 4-7; Dkt 47 at 7); (2) improperly preparing and serving his kosher meals in accordance with kosher law (Dkt 48 at 8,11-12; Dkt 47 at 7-8); (3) failing to inform him of the rules concerning his kosher diet (Dkt 48 at 14; Dkt 47 at 8-9); (4) removing him from the kosher diet (Dkt 48 at 15-17; Dkt 47 at 9); and (5) denying his request to possess certain religious items (Dkt 48 at 13,17-23; Dkt 47 at 10-11). Plaintiff further asserts that the Magistrate Judge erred in determining that he was not subjected to "cruel and unusual punishment" under the Eighth Amendment as a result of the "nutritionally deficient" kosher diet provided to him by Defendants (Dkt 48 at 24-28; Dkt 47 at 11-13).

As the Magistrate Judge correctly stated in the R & R, in order to survive a motion for summary judgment "the non-moving party 'must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial'" (Dkt 47 at 3) (quoting *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006)). Furthermore, Plaintiff "cannot defeat a properly supported motion for summary judgment by 'simply arguing that it relies solely or in part upon credibility [considerations]'" (*id.*) (quoting *Fogerty v. MGM Group Holdings Corp., Inc.,* 379 F.3d 348, 353 (6th Cir. 2004)). For the reasons stated herein, Plaintiff's complaint and objections fail to meet this standard, and the Magistrate Judge correctly recommended that Defendants' motion for summary judgment be granted.

### I. Objections regarding First Amendment Claims

A.     *Failure to Provide a Kosher Diet*

Plaintiff asserts that he "strongly disagrees with the Magistrate [Judge's] conclusion" that

he failed to support his claim that Defendants violated his right to freely exercise his religion by failing to provide him with kosher meals for Passover upon his arrival at the jail (Dkt 48 at 7). In support of his objection, Plaintiff cites his statement in his deposition that "I was forced, during Passover, to eat foods that had chametz in them, because I wasn't given any other foods, other than matzah" (Dkt 36-3 at 80; Dkt 48 at 7). Plaintiff further asserts that "[n]owhere in the pleadings or documentation do the Defendants contest or deny the claim that they failed to provide kosher for Passover meals for Plaintiff []" (Dkt 48 at 5). Plaintiff's objection is without merit.

The Magistrate Judge stated, and Plaintiff concedes in his objection, that "[i]t is not inappropriate for a lay jail official to forward a request for kosher meals to a religious official" (Dkt 47 at 7; Dkt 48 at 5). In his affidavit, Defendant Davis stated that when Plaintiff requested kosher meals, his request "was sent to the Jail Chaplain for review and recommendation" and "upon receiving a recommendation by the chaplain, [Plaintiff] was afforded kosher meals" (Dkt 36-4 at 1). Defendant Davis further stated that "[t]here was no rejection of such recommendation nor was the provision of such meals delayed after the recommendation" (*id.*). Because Plaintiff has failed to provide evidence to contradict Defendant Davis' statements, the Magistrate Judge correctly determined that he has failed to show that Defendants acted improperly in failing to provide him with kosher meals for Passover. Accordingly, Plaintiff's objection is denied.

B.  *Improper Serving of Kosher Meals*

Plaintiff objects to the Magistrate Judge's reliance on Defendant Davis' affidavit, which states that "[j]ail staff ordered separate and maintained separate cooking utensils," which were used to cook and prepare Plaintiff's food (Dkt 36-4 at 1; Dkt 47 at 7; Dkt 48 at 8). Plaintiff argues that Defendant Davis' claim is "suspect and undocumented" (Dkt 48 at 8), and that without

3

documentation "there exists no proof or belief that [the] items were purchased or requested as Davis alleged in his deposition" (*id.*). Plaintiff's objection is without merit.

The Magistrate Judge properly determined that "Plaintiff has presented no evidence" contrary to Defendant Davis' assertion that separate cooking utensils were used to prepare Plaintiff's kosher meals" (Dkt 47 at 7). In his objections, Plaintiff again fails to provide any factual evidence to support his assertion that separate utensils were not used; instead, he alleges that Defendant Davis' testimony is not credible without further documentation. Because Plaintiff has failed to "identify any specific facts" to demonstrate a genuine issue for trial, the Magistrate Judge properly recommended that Defendants are entitled to summary judgment on this claim. *See Amini*, 440 F.3d at 357.

C.  *Failure to Inform of Rules*

Plaintiff asserts that, although "[t]he Magistrate [Judge] correctly noted that Plaintiff received a copy of the [j]ail [r]ules, the rules "are totally silent on any and all aspects of kosher or religious meals …" (Dkt 48 at 14). Therefore, he "contests the [Magistrate Judge's] findings [and] recommendations on this point" (*id.*). Plaintiff's objection is without merit. As the Magistrate Judge correctly stated in the R & R, "[t]he alleged failure to inform Plaintiff of the relevant jail rules in no way prevented Plaintiff from practicing his faith" (Dkt 47 at 8). Therefore, the Magistrate Judge properly determined that Plaintiff's allegation, that he was not informed of the rules concerning his kosher diet, failed to state a claim under the First Amendment.

D.  *Removal from Kosher Diet*

Plaintiff asserts that the Magistrate Judge's determination that he was properly removed from the kosher diet is "questionable" (Dkt 48 at 15). Plaintiff makes two arguments in support of this

4

assertion: First, he argues that "there are no rules or policies whatsoever in the Ingham County Jail that govern religious or kosher meals" (*id.*). Second, he argues that "[t]o his knowledge and belief the fruit items he received and consumed were kosher" (*id.*). Plaintiff's arguments are without merit.

Although Plaintiff argues that there are no rules that govern kosher meals in the Ingham County Jail, there is a rule that "prisoners are not permitted to take food back to their cell or trade food with other prisoners" (Dkt 47 at 9). As the Magistrate Judge correctly stated, "Plaintiff conceded at his deposition that he secreted food in his cell and traded his own kosher food items to other prisoners for non-kosher food items" in violation of the rule (*id.*). Therefore, even if no jail rule specifically referred to kosher meals, Plaintiff was violating the jail rules relating to food in general by taking food back to his cell and trading with other prisoners.

Plaintiff's argument that the food he traded for was kosher "to his knowledge" is also without merit. In his deposition, Plaintiff stated that kosher food that comes into contact with a non-kosher tray would be deemed non-kosher under normal circumstances (Dkt 36-3 at 45). He admitted that he traded some of his kosher food to other inmates for food that had been put on regular trays (Dkt 36-3 at 89). Plaintiff's contention in his objection that he believed some emergency or other exception applies to deem such food nonetheless kosher (*see* Dkt 48 at 16) does not negate his violation of the jail rules, is inconsistent with his own allegations in this case, and does not warrant a different result. Accordingly, Plaintiff's objections to the Magistrate Judge's analysis regarding his removal from the kosher diet are denied.

E.  *Refusal of Requests for Religious Items*

Plaintiff next asserts that "[t]he Magistrate [Judge] claimed that the denial [of Plaintiff's

5

request] for religious items was proper. Plaintiff disagrees" (Dkt 48 at 13). Without providing any support for his assertion, Plaintiff claims that "[s]uch items are allowed in federal and state prisons" (*id.*). Plaintiff's objection is without merit. As the Magistrate Judge properly stated in the R & R, "[t]here is no question that jail officials have a legitimate interest in preventing prisoners from possessing items that could be used as a dangerous weapon" (Dkt 47 at 10). Defendant Davis stated in his affidavit, and Plaintiff does not dispute, that the religious items in question (a shofar and a tefillin) could be used as weapons (Dkt 36-4; Dkt 47 at 10-11). Furthermore, Defendants accommodated Plaintiff's right to practice his religion by allowing him to use the tefillin in the presence of a rabbi (Dkt 47 at 10). The Magistrate Judge noted with respect to the alleged denial of other items, that Plaintiff presented no evidence to support his contentions (*id.*). The Magistrate Judge correctly determined that Defendants did not violate Plaintiff's right to practice his religion by preventing him from possessing these religious items. Accordingly, Plaintiff's objection is denied.

## II. Objection regarding Eighth Amendment Claim

Plaintiff does not specifically object to any portion of the Magistrate Judge's legal analysis of his claim under the Eighth Amendment, instead he argues that "no credible dieti[c]ian or medical personnel would agree that the [kosher diet provided to him by Defendants] is nutritionally sound!" (Dkt 48 at 27). Plaintiff's unsubstantiated claim is without merit.

As stated by the Magistrate Judge, "[i]t is well accepted that prisoners have no constitutional right to any particularly diverse or varied diet" (Dkt 47 at 13) (citing *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002)). As long as Plaintiff receives a diet "'sufficient to sustain [him] in good health, no constitutional right has been violated'" (*id.*). The Magistrate Judge correctly stated

6

that "Plaintiff has failed to present any evidence that the diet he received was nutritionally insufficient" (*id.*), and he does not provide any additional evidence to support his allegation in his objections. Therefore, Plaintiff's unsupported objection to the Magistrate Judge's analysis is denied.

### IV. Certificate of Appealability

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 48) are DENIED and the Report and Recommendation (Dkt 47) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 35) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: February 12, 2013      /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge