UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. GUTMAN,

    Plaintiff,                                                    Hon. Janet T. Neff

v.                                                               Case No. 1:09 CV 628

GENE I. WRIGGLESWORTH, et at.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Tax Costs</u>, (Dkt. #51), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Plaintiff's claims were dismissed on February 2, 2013. (Dkt. #49-50). Defendants now move to tax costs against Plaintiff in the amount of $720.11 which represents fees for transcripts ($579.26) and copies ($140.85). For the reasons articulated below, the undersigned recommends that Defendants' motion be **granted**.

Federal Rule of Civil Procedure 54 indicates that costs "shall be allowed as of course to the prevailing party." FED.R.CIV.P. 54(d)(1). Such creates "a presumption in favor of awarding costs." *Frye v. Baptist Memorial Hosp, Inc.*, 863 F.Supp.2d 701, 704 (W.D. Tenn. 2012) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). Moreover, the Sixth Circuit has indicated that, at the conclusion of a suit, costs may be imposed "as in other cases" against a Plaintiff who was permitted to proceed *in forma pauperis*, whether or not the lawsuit is deemed frivolous. *See Talley-Bey v. Knebl*, 168 F.3d 884, 886-87 (6th Cir. 1999). There exist several factors which the Court may

consider when evaluating a motion for the imposition of costs, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of costs. *See Singleton*, 241 F.3d at 539. Under Rule 54, prevailing parties are entitled to recover only those costs expressly articulated in 28 U.S.C. § 1920. *See In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359-59 (6th Cir. 2007). Costs recoverable under § 1920 include costs for "printed or electronically recorded transcripts" and costs for "making copies" of materials obtained for use in the case.

Plaintiff has failed to respond to the present motion or otherwise object to the amounts requested. Finding the costs in question to be reasonable and recoverable, the undersigned recommends that Defendants' motion be **granted** and costs be awarded in the amount of seven hundred twenty dollars and eleven cents ($720.11). *See* 28 U.S.C. §§ 1920(2), (4).

Having found appropriate the imposition of costs, the Court must determine how such costs are to be paid. When costs are assessed, the issue is whether the prisoner will be required to pay such costs immediately, or whether he will be permitted to pay over time pursuant to the process articulated in § 1915(b)(2). *See Talley-Bey*, 168 F.3d at 886. Plaintiff has established his indigency and, therefore, shall be permitted to pay the costs herein imposed over time.

A prisoner litigant against whom costs are taxed is required to make an initial payment of costs equal to 20-percent of the greater of (a) the average monthly deposits to the prisoner's account, or (b) the average monthly balance in the prisoner's account over a six-month period. 28 U.S.C. §§ 1915(a)(2), (f)(2)(B). Plaintiff's certificate of prison account activity indicates that this amount is equal to $3.86. Accordingly, the undersigned recommends that Plaintiff be required to make an initial partial payment of $3.86.

The undersigned further recommends that Plaintiff be required to pay Defendants' counsel, Cohl Stocker Toskey & McGlinchey, the remaining balance of the costs imposed. This is to be accomplished by withdrawing 20-percent of the monthly income credited to Plaintiff's account until paid in full. 28 U.S.C. § 1915(a)(2). The Michigan Department of Corrections, in conjunction with Defendants' counsel, shall takes steps necessary to ensure that the total amount withdrawn does not exceed the $720.11 in costs awarded.

Respectfully submitted,

Date: August 23, 2013

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).