UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. GUTMAN,

    Plaintiff,                                           Case No. 1:09-cv-628

v                                                        HON. JANET T. NEFF

GENE I. WRIGGLESWORTH et al.,

    Defendants.
_____/

**OPINION AND ORDER**

Pending before the Court is Defendants' proposed Bill of Costs, construed as a motion for costs, following the entry of Judgment in Defendants' favor in this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' taxable costs as requested in the amount of $720.11. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff objects that the Magistrate Judge incorrectly states that he failed to respond to the motion for costs, and that his instant objection is timely. Contrary to Plaintiff's assertion, the record does not contain any evidence that Plaintiff filed a response to Defendants' motion on August 4, 2013, and Plaintiff provides none. The only filing from Plaintiff on the court docket is his prisoner

trust fund account statement filed on May 20, 2013. In any event, because the Court now considers Plaintiff's substantive responses in his instant Objection, this objection is moot, as is his contention that the instant Objection is timely.

Plaintiff otherwise argues that the Magistrate Judge erred in granting costs because Plaintiff was successful in defending against summary judgment in this matter and, therefore, this suit had substantial merit (Pl. Obj., Dkt 56 at 1). Plaintiff's argument, however, is without merit. Contrary to Plaintiff's assertion, Defendants' motion to dismiss certain claims (Dkt 7) and motion for summary judgment (Dkt 35) were both granted by this Court after review of the Magistrate Judge's Report and Recommendations (Dkts 18 & 49). There is no evidence in the record to support Plaintiff's assertion, and Plaintiff provides no evidence in his objections tending to show that he successfully defended against summary judgment. Accordingly, Plaintiff demonstrates no error in the Magistrate Judge's Report and Recommendation.

Plaintiff further argues that assessing costs in the amount of $720.11 will render him completely indigent and unable to pay for basic life/hygienic necessities in prison since the Newberry Correctional Facility, where he is housed, no longer provides prisoners with soap and only provides one roll of toilet paper. Plaintiff refers to several cases outside the Sixth Circuit, all of which generally state that when a district court assesses costs to a party, indigence of that party is a valid consideration (Pl. Obj., Dkt 56 at 1-2). Plaintiff also refers to the Sixth Circuit Court of Appeal's decision in *Talley-Bey v. Knebl*, 168 F.3d 884, 885 (6th Cir. 1999), which he summarizes as holding "if [the] Corrections Department provides basic hyg[i]enic necessities, the Plaintiff was not under sufficient hardship to deny/waive costs request." Plaintiff asserts that because "the Michigan Department of Corrections now no longer provides soap to prisoners and requires

prisoners to purchase toilet paper, the holding of *Talley-Bey* needs to be rejected as the facts involved have substantially changed over the past 14 years …" (Pl. Obj., Dkt 56 at 2).

Plaintiff's argument is without merit. The Sixth Circuit Court's decision in *Talley-Bey* does not discuss hygienic necessities, as Plaintiff erroneously asserts. Plaintiff's attempt to construe the holding of *Talley-Bey* to distinguish the circumstances of his case does not alter the Sixth Circuit Court's holding that "[t]he prisoner's ability to pay the costs is no longer an issue" in light of the Prison Litigation Reform Act. *See Talley-Bey*, 168 F.3d at 886. Plaintiff accordingly fails to demonstrate any error in the Magistrate Judge's analysis in the Report and Recommendation.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enters a judgment of costs accordingly. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objection (Dkt 56) is DENIED, and the Report and Recommendation (Dkt 54) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the motion to tax costs (Dkt 51) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.

Dated: May 8, 2014              /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge

3